**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> BONANZA CREEK ENERGY, INC., <br><br> Debtor. <br><br> Tax I.D. No. 61-1630631 | Chapter 11 <br><br> Case No. 17-_____ (___) |
| In re: <br><br> BONANZA CREEK ENERGY OPERATING COMPANY, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 20-4830537 | Chapter 11 <br><br> Case No. 17-_____ (___) |
| In re: <br><br> BONANZA CREEK ENERGY RESOURCES, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 26-2526378 | Chapter 11 <br><br> Case No. 17-_____ (___) |
| In re: <br><br> HOLMES EASTERN COMPANY, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 26-4665456 | Chapter 11 <br><br> Case No. 17-_____ (___) |

| | |
|---|---|
| In re:<br><br>ROCKY MOUNTAIN INFRASTRUCTURE, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 47-5626659 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>BONANZA CREEK ENERGY UPSTREAM LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 26-2526378 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>BONANZA CREEK ENERGY MIDSTREAM, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 26-2526378 | Chapter 11<br><br>Case No. 17-_____ (___) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Bonanza Creek Energy, Inc. and its subsidiaries that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of an Order Directing Joint Administration of Chapter 11 Cases* (this "**Motion**") pursuant to which they seek entry of an order directing joint administration of these chapter 11 cases. This Motion is supported by the *Declaration of Scott Fenoglio in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Fenoglio Declaration**") filed contemporaneously

herewith and by the entire record of these chapter 11 cases. In further support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1.    By this Motion, and pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an order directing joint administration of these cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' cases under the case of Bonanza Creek Energy, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BONANZA CREEK ENERGY, INC., *et al.*, | ) | Case No. 17-_____ (___) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Bonanza Creek Energy, Inc. (0631), Bonanza Creek Energy Operating Company, LLC (0537), Bonanza Creek Energy Resources, LLC (6378), Holmes Eastern Company, LLC (5456), Rocky Mountain Infrastructure, LLC (6659), Bonanza Creek Energy Upstream LLC (6378) and Bonanza Creek Energy Midstream, LLC (6378). The Debtors' mailing address is 410 17th Street, Suite 1400, Denver, Colorado 80202.

2.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of Bonanza Creek Energy, Inc., to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of Bonanza Creek Energy, Inc., Bonanza Creek Energy Operating Company, LLC, Bonanza Creek Energy Resources, LLC, Holmes Eastern Company, LLC, Rocky Mountain Infrastructure, LLC, Bonanza Creek Energy Upstream LLC and Bonanza Creek Energy Midstream, LLC. The docket in Case No. [ ] should be consulted for all matters affecting this case.

3.      In addition, the Debtors request the Court to waive the requirement of section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rules 1005 and 2002(n) to include the Debtors' full tax identification numbers in the Debtors' caption and notices sent to creditors.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

5.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.      Venue of these cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

7.  On January 4, 2017 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in these cases.

9.  Before the Petition Date, the Debtors began the solicitation of votes on the *Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "**Prepackaged Plan**"), through their *Disclosure Statement for Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.

10.  Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness and the events leading up to the Petition Date can be found in the Fenoglio Declaration, which is incorporated herein by reference.

**Basis for Relief**

11.  Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that Bonanza Creek Energy, Inc. is the direct or indirect parent of each of the other Debtors. Local Rule 1015-1 provides additional authority for the Court to order joint administration of these cases, stating that "[a]n order of joint administration

may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . ." Del. Bankr. L.R. 1015-1.

12.     The request for joint administration of interrelated chapter 11 cases is routinely approved by courts in this jurisdiction under similar circumstances and is generally noncontroversial.  *See*, *e.g.*, *In re Basic Energy Servs., Inc.*, Case No. 16-12320 (KJC) (Bankr. D. Del. Oct. 26, 2016); *In re Key Energy Servs., Inc.*, Case No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcón Res. Corp.*, Case No. 16-11724 (BLS) (Bankr. D. Del. July 29, 2016); *In re Seventy Seven Fin. Inc.*, Case No. 16-11409 (LSS), (Bankr. D. Del. June 8, 2016); *In re Millennium Lab Holdings II, LLC*, Case No. 15-12284 (LSS) (Bankr. D. Del. Nov. 12, 2015); *In re Samson Res. Corp.*, Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015); *In re Quicksilver Res., Inc.*, Case No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015).

13.     On the date hereof, the Debtors commenced the seven chapter 11 cases referenced above by filing petitions for voluntary relief with this Court.  Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation, joint administration of these cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest.  Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources.  The Debtors' financial affairs and business operations are closely related.  Many of the motions, hearings and orders in these chapter 11 cases will affect each Debtor and its respective estate.  The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates.  Moreover, each creditor can still file its claim against a particular estate.  In fact, all creditors will benefit by the reduced costs that will result from the joint

administration of these chapter 11 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the U.S. Trustee will be simplified.

14. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) to include the Debtors' full tax identification numbers in the Debtors' caption and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

## Notice

15. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), (b) each of the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, (c) Bracewell LLP as counsel to KeyBank National Association, as administrative agent under that certain Credit Agreement, dated as of March 29, 2011, as amended, restated, modified and supplemented from time to time, (d) Kirkland & Ellis LLP as counsel to that certain ad hoc committee of holders of 6.75% senior notes due 2021 and 5.75% senior notes due 2023 issued by the Debtors, (e) the Securities and Exchange Commission, (f) the Internal Revenue Service and (g) the United States Attorney's Office for the District of Delaware (collectively, the "**Notice Parties**").

16. Notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). A copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at *https://cases.primeclerk.com/bcei*. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

administration of these chapter 11 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the U.S. Trustee will be simplified.

14. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) to include the Debtors' full tax identification numbers in the Debtors' caption and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

## Notice

15. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), (b) each of the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, (c) Bracewell LLP as counsel to KeyBank National Association, as administrative agent under that certain Credit Agreement, dated as of March 29, 2011, as amended, restated, modified and supplemented from time to time, (d) Kirkland & Ellis LLP as counsel to that certain ad hoc committee of holders of 6.75% senior notes due 2021 and 5.75% senior notes due 2023 issued by the Debtors, (e) the Securities and Exchange Commission, (f) the Internal Revenue Service and (g) the United States Attorney's Office for the District of Delaware (collectively, the "**Notice Parties**").

16. Notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). A copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at *https://cases.primeclerk.com/bcei*. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**No Prior Request**

17. The Debtors have not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: January 4, 2017
Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Mark D. Collins*
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701
collins@rlf.com
steele@rlf.com
schlauch@rlf.com

-and-

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner
Brian M. Resnick
Adam L. Shpeen
450 Lexington Avenue
New York, New York  10017
Tel: (212) 450-4000
Fax: (212) 607-7983
marshall.huebner@davispolk.com
brian.resnick@davispolk.com
adam.shpeen@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BONANZA CREEK ENERGY, INC.,<br><br>           Debtor.<br><br>Tax I.D. No. 61-1630631 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>BONANZA CREEK ENERGY OPERATING COMPANY, LLC,<br><br>           Debtor.<br><br>Tax I.D. No. 20-4830537 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>BONANZA CREEK ENERGY RESOURCES, LLC,<br><br>           Debtor.<br><br>Tax I.D. No. 26-2526378 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>HOLMES EASTERN COMPANY, LLC,<br><br>           Debtor.<br><br>Tax I.D. No. 26-4665456 | Chapter 11<br><br>Case No. 17-_____ (___) |

| | |
|---|---|
| In re:<br><br>ROCKY MOUNTAIN INFRASTRUCTURE, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 47-5626659 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>BONANZA CREEK ENERGY UPSTREAM LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 26-2526378 | Chapter 11<br><br>Case No. 17-_____ (___) |
| In re:<br><br>BONANZA CREEK ENERGY MIDSTREAM, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 26-2526378 | Chapter 11<br><br>Case No. 17-_____ (___) |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Bonanza Creek Energy, Inc. and its subsidiaries that are debtors and debtors in possession in these cases (each, a "**Debtor**" and together, the "**Debtors**") for entry of a final order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 seeking an order directing joint administration of these chapter 11 cases, as more fully described in the Motion; and this Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference from the*

---

[1] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

*United States District Court for the District of Delaware* dated February 29, 2012; and it having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and it having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates and all other parties in interest in these cases; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby granted.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 17-_____ ( ).

3.      Nothing contained in this order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

4.      The caption of the jointly administered cases should read as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| BONANZA CREEK ENERGY, INC., *et al.*, | ) ) ) | Case No. 17-_____ (___) |
| Debtors.[1] | ) ) ) ) | Jointly Administered |

---

[1] The Debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Bonanza Creek Energy, Inc. (0631), Bonanza Creek Energy Operating Company, LLC (0537), Bonanza Creek Energy Resources, LLC (6378), Holmes Eastern Company, LLC (5456), Rocky Mountain Infrastructure, LLC (6659), Bonanza Creek Energy Upstream LLC (6378) and Bonanza Creek Energy Midstream, LLC (6378). The Debtors' mailing address is 410 17th Street, Suite 1400, Denver, Colorado 80202.

5. A docket entry shall be made in each of the above-captioned cases (except the chapter 11 case of Bonanza Creek Energy, Inc.) substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of Bonanza Creek Energy, Inc., Bonanza Creek Energy Operating Company, LLC, Bonanza Creek Energy Resources, LLC, Holmes Eastern Company, LLC, Rocky Mountain Infrastructure, LLC, Bonanza Creek Energy Upstream LLC and Bonanza Creek Energy Midstream, LLC. The docket in Case No. [ ] should be consulted for all matters affecting this case.

6. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

4

5

      8.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2017
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE